UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 26  A 11: 29
U.S. DISTRICT COURT
HARTFORD, CT.

ERNST DORCELY,
   Plaintiff,

vs.

FIRST UNUM LIFE
INSURANCE COMPANY,
   Defendant.

: Civil No. 3:03CV114(AVC)

### ORDER ON THE DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

This is an action for damages in which the plaintiff, Ernst Dorcely, alleges that the defendant, First Unum Life Insurance Company ("Unum"), wrongfully denied Dorcely long term disability benefits that were due and owing to him under an ERISA plan managed by UNUM. It is brought pursuant to the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001.[1] On November 6, 2003, Unum filed the within motion for judgment on the administrative record (document no. 12), contending that this court should conduct a de novo review of Unum's decision to deny benefits and affirm that decision. For the reasons that hereinafter follow, the motion for judgment (document no. 12) is DENIED without prejudice to its refiling in accordance with this order.

Unum's motion is *not* a motion for summary judgment. Rather,

---

[1] The plaintiff's complaint does not in fact invoke ERISA. Nevertheless, in removing the action to federal court the defendant claimed that this was an ERISA action, and the instant motion similarly assumes that this an ERISA action. The plaintiff has never challenged this contention. For purposes of this order only, the court assumes that the plaintiff's cause of action is brought pursuant to ERISA.

Unum has filed a "motion for judgment on the administrative record." There is no authority in the Federal Rules of Civil Procedure for "a motion for judgment on the administrative record." Nevertheless, the Second Circuit recently has concluded that such a motion is permissible. <u>Muller v. First Unum Life Ins. Co.</u>, 341 F.3d 119, 124 (2d Cir. 2003). Such motions are to be treated as the functional equivalent of a bench trial on the papers. <u>Muller v. First Unum Life Ins. Co.</u>, 341 F.3d 119, 124 (2d Cir. 2003). Thus, by way of the within motion, the defendant essentially seeks a bench trial based on the paper administrative record. Although <u>Muller</u> sanctions such a procedure, in this district, parties to a bench trial are required to file proposed findings of fact and conclusions of law. <u>See</u> Standing Order Regarding Trial Memorandums. No such filings have been made in this case. Accordingly, the motion is DENIED without prejudice to its refiling in accordance with this order. More specifically, any such subsequent filing shall include proposed findings of fact, with relevant citations to the indexed record, and conclusions of law.

It is so ordered, this 25TH day of April, 2004, at Hartford, Connecticut.

Alfred W. Covello
United States District Judge