UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------x
ERNST DORCELY,

           Plaintiff,

  -against-

FIRST UNUM LIFE INSURANCE COMPANY      July 7, 2004

           Defendant.
------------------------------------x

FILED
2004 JUL -8 A 9: 29
U.S. DISTRICT COURT
3:03 CV 114 (AVC)

### PLAINTIFFS'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

### I. THE ADMINISTRATIVE RECORD DEMONSTRATES THAT THE DECISION TO DENY LONG TERM DISABILITY BENEFITS WAS ARBITRARY AND CAPRICIOUS.

The Plaintiff was granted short term disability benefits by the defendant but not long-term disability benefits. The defendant accepted the legitimacy of plaintiff's injury but now questions it. Objectively nothing has changed and the plaintiff remains disabled from performing the work he is trained for. Plaintiff's job consisted of entering currency transfers on a computer screen. He had to read small letters and numbers on the screen. His eye trauma caused his left eye to lose vision and caused him to see a glare when he read the computer screen. The result is that if he looks at the glowing screen the numbers and letters are obscured by the glare. Plaintiff can no longer accurately and quickly perform his work.

The plaintiff submitted the report of his ophthalmologist  Dr.

1

Swerdin to the defendant. Dr. Swerdin confirms plaintiff's disabilities, including the fact that plaintiff cannot read a computer screen for a long period of time because of the glare. Defendant tries to impeach the physician's findings by an alleged conversation between a Dr. Broda and Dr. Swerdin. The file contains a letter Dr. Broda tried to get Dr. Swerdin to sign agreeing that plaintiff is untruthful. Dr. Swerdin evidently refused to sign the letter and there is no reason to believe its contents are accurate.

Dr. Swerdin's report dated December 26, 2000 states the following:

<u>Activities he cannot do:</u>
Due to decreased vision in the left eye it may be difficult to perform extensive reading or viewing of a computer screen. Based on his visual acuity most physical activities can be performed except for operating machinery which can pose a risk.

Defendant submitted a questionnaire to plaintiff's employer and it was answered by Ruth Ann Shay who has the title of director on September 12, 2000. She was asked, "What type of accommodations have been made for this position in the past or could be made in the future?" She answered, "We have changed Ernest's seat to a spot with better lighting & less overhead glare. We have also tried to increase the font on his computer as much as possible."

On February 19, 2001 defendants specialist Rebecca Lent called claimant back to explain why he was being denied benefits. Plaintiff explained to Ms. Lent that he had tried for 3 years to do his job with the disability but got poor evaluations and feared being fired. His speed was no longer there and he could not distinguish the digit 5 and 6. He made to many mistakes. His job involved billions of

dollars. This information was disregarded by the defendant in reviewing its decision on appeal.

The record contains a document entitled "Occupational Requirements". On the topic of Physical Demands it says "Near Acuity Constantly".

Plaintiff was never presented with the reports of the defendant's physician Lawrence Broda, M.D. The identity of this person and his findings were unknown to him. All modern judicial and administrative systems require the disclosure of experts and their reports. Yet here a life changing administrative decision was made based upon the opinion of an anonymous expert. The defendant creates the contract of adhesion, denies the benefit, sits as a review tribunal on its own decision and hires a friendly expert to bolster its decision. Once the expert gives the expected opinion that the blind can see a denial letter incorporating his findings is sent out. Defendant never tested plaintiff's ability to accurately read many long numbers on a computer screen for 7 hours a day. The investigation, the procedure and the decision were made in an arbitrary and capricious manner. Where the disability carrier fails to consider a number of relevant factors in arriving at its determination the decision to deny long-term disablity benefits is arbitrary and capricious. Shutts v. First Unum Life Insurance Company of America, (N.D.N.Y. 2004) Decision attached hereto.

The defendant expects plaintiff to spend a whole day reading the computer screen with his one good eye. Plaintiff tried to do this but cannot. He could not do it during the weeks of the short

term disability and he can't do it now. The record is devoid of facts supporting the denial of benefits.

## CONCLUSION

For the reasons stated above, the record does not support the administrative decision.

The plaintiff, therefore, respectfully requests that the Court deny defendant's motion in all respects.

Respectfully submitted,

LAW OFFICES OF MARK J. FOX

By: _____
    MARK J. FOX, ESQ. (CT 24552)
    Attorney for Plaintiff
    125 Elm Street
    New Canaan, CT 06840
    203 972-3301
    203 972- 2453 (fax)
    mjfoxlaw@aol.com

**CERTIFICATION**

I hereby certify that a true copy of the foregoing has been mailed this 7th day of July 2004, to the following counsel and pro se parties:

Alexander H. Schwartz, Esq.
3695 Post Road, Suite 203
P.O. Box 701
Southport, CT 06480-0701

_____
Mark J. Fox