UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 FEB 23 P 6: 18

U.S. DISTRICT COURT
HARTFORD, CT.

ERNST DORCELY,
   Plaintiff,

vs.

FIRST UNUM LIFE
INSURANCE COMPANY,
   Defendant.

Civil No.  3:03CV114(AVC)

## ORDER DISMISSING CASE WITHOUT PREJUDICE

This is an action for damages in which the plaintiff, Ernst
Dorcely, alleges that the defendant, First Unum Life Insurance
Company (First Unum), wrongfully denied him long term disability
benefits owed to him pursuant to a employee welfare benefits plan.
It is brought pursuant to the Employment Retirement Security Act of
1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B).[1]

For the reasons set forth below, the case is dismissed as moot
without prejudice to its refiling, if desired, after First Unum
completes its voluntary reassessment of the long term disability
claim.

### FACTS

On January 3, 2005, Dorcely filed a motion requesting that the
court "stay all proceedings . . . pending reconsideration of the
denial of plaintiff's claim for long term disability benefits by
the defendant."  Specifically, Dorcely stated that First Unum "had
executed a Regulatory Settlement Agreement with certain state and

---

[1] The plaintiff's complaint does not in fact invoke ERISA.
Nevertheless, in removing the action to federal court the defendant claimed
that this was an ERISA action, and all following motions similarly assumed
that this is an ERISA action. The plaintiff has never challenged this
contention.

federal insurance regulators which provides for reassessment of
many previously denied or terminated claims." Dorcely informed the
court that he had decided to resubmit his claim to First Unum "for
reassessment" and argued that it would be "better for all parties
if the claim is resolved by the reformed claim evaluation process."

On January 21, 2005, the court denied Dorcely's motion to stay
and ordered Dorcely to "show cause within thirty days why this
matter should not be dismissed without prejudice to its refiling,
if desired, upon the completion of the defendant's reassessment of
the long term disability claim."

Dorcely has failed to respond to the court's order to show
cause.

## DISCUSSION

Article III, Section 2 of the United States Constitution
provides that the federal "judicial [p]ower" extends to "[c]ases"
and "[c]ontroversies." U.S. Const. art. III, § 2. The Second
Circuit has held that "to satisfy the case-or-controversy
requirement, a party must, at all stages of the litigation, have an
actual injury which is likely to be redressed by a favorable
judicial decision." United States v. Mercurris, 192 F.3d 290, 293
(2d Cir. 1999). Furthermore, "[a] case becomes moot when it no
longer satisfies the 'case-or-controversy' requirement of Article
III, Section 2 of the Constitution." Id.

Dorcely does not presently have an injury that is likely to be
redressed by a favorable judicial decision. In benefits
eligibility cases, the remedy for an ERISA violation is remanding

the claim to the insurance company for reconsideration. <u>Miller</u> v. <u>United Welfare Fund</u>, 72 F.3d 1066, 1071 (2d Cir. 1995). Here, the insurance company, First Unum, has voluntarily decided to reconsider Dorcely's claim for long term disability benefits.

Therefore Dorcely, at this time, already has the remedy that a favorable judicial decision would give him. The court fails to perceive how this matter constitutes a case or controversy for purposes of maintaining the action on the court's active docket.

<b>CONCLUSION</b>

The case is DISMISSED as moot without prejudice to its refiling, if desired, after First Unum has completed its voluntary reassessment of the long term disability claim.

It is so ordered this 23rd day of February, 2005 in Hartford, Connecticut.

_____
Alfred V. Covello, U.S.D.J.